In re: APPLE IPHONE 3G AND 3GS "MMS" MARKETING AND SALES PRACTICES LITIGATION.

MDL No. 2116.

United States Judicial Panel on Multidistrict Litigation.

Dec. 3, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR.* and DAVID G. TRAGER, Judges of the Panel.

## TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel ***: Before the Panel are two motions that collectively encompass twelve actions: three actions in the Northern District of Ohio, two actions each in the Central District of California and the Northern District of California, and one action each in the Southern District of California, Southern District of Illinois, Eastern District of Louisiana, District of Minnesota, and Eastern District of Missouri as listed on Schedule A.[1]

Common defendant AT & T Mobility LLC (AT & T) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of certain of these actions in the Northern District of Ohio or, in the alternative, the Eastern District of Louisiana. Similarly, plaintiffs in the two Northern District of California actions and the Southern District of California action move, pursuant to Section 1407, for coordinated or consolidated pretrial proceedings of the actions in the Northern District of California.

Plaintiffs in the remaining nine actions responded in support of centralization in the Eastern District of Louisiana; however, at oral argument, plaintiff in one Northern District of Ohio action argued in support of centralization in the Northern District of Ohio and represented that other plaintiffs supported centralization in that district as well. Common defendant Apple Inc. (Apple) likewise supports centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, we find that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from the advertising and marketing of multimedia message service (MMS) functionality of Apple's iPhone 3G and 3GS supported by AT & T's 3G network. Plaintiffs in all actions allege that Apple and AT & T have engaged in deceptive marketing with respect to the availability of MMS functionality on the iPhone 3G and 3GS. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Louisiana is an appropriate transferee district for this litigation. Most plaintiffs and the moving defendant, in the

---

* Judges Heyburn and Damrell took no part in the decision of this matter.

1. The parties have notified the Panel of three related actions pending, respectively, in the Southern District of Alabama, Eastern Dis-

trict of Michigan, and the Southern District of New York. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

alternative, support centralization in this district. Centralization in the Eastern District of Louisiana, where an action is pending, also permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another multidistrict litigation docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Carl J. Barbier for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

MDL No. 2116 — IN RE: APPLE IPHONE 3G AND 3GS "MMS" MARKETING AND SALES PRACTICES LITIGATION

*Central District of California*
Aida Kamarian v. Apple, Inc., et al., C.A. No. 2:09–6590
Tim Williams, et al. v. Apple, Inc., et al., C.A. No. 2:09–6914

*Northern District of California*
Philip Sterker v. Apple, Inc., et al., C.A. No. 4:09–4242
Kevin Khoi Duy Tran v. Apple, Inc., et al., C.A. No. 5:09–4048

*Southern District of California*
Arturo Molina v. Apple, Inc., et al., C.A. No. 3:09–2032

*Southern District of Illinois*
Tim Meeker v. Apple, Inc., et al., C.A. No. 3:09–607

*Eastern District of Louisiana*
Christopher Carbine, et al. v. Apple, Inc., et al., C.A. No. 2:09–5470

*District of Minnesota*
Kyle Irving v. Apple, Inc., et al., C.A. No. 0:09–2613

*Eastern District of Missouri*
Meredith Goette, et al. v. Apple, Inc., et al., C.A. No. 4:09–1480

*Northern District of Ohio*
Michael Pietrangelo v. Apple, Inc., et al., C.A. No. 1:09–1992
Matthew Sullivan v. Apple, Inc., et al., C.A. No. 1:09–1993
Deborah Carr v. Apple, Inc., et al., C.A. No. 1:09–1996